IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-254-BO

SUMMIT HOSPITALITY GROUP, LTD.,  )
                                 )
            Plaintiff,            )
                                 )     **ORDER**
    v.                            )
                                 )
THE CINCINNATI INSURANCE          )
COMPANY,                          )
                                 )
            Defendant.            )

This matter is before the Court on plaintiff's motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. [DE 55]. Defendant has filed a response to plaintiff's motion, and plaintiff has replied. [DE 60]; [DE 62]. The matter is now ripe for ruling. For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

Plaintiff, Summit Hospitality Group, Ltd. ("Summit Hospitality"), is a hotel and restaurant firm. Defendant, The Cincinnati Insurance Company ("Cincinnati"), issued an insurance policy to Summit Hospitality with a policy period effective May 1, 2019, to May 1, 2022. [DE 18] ¶ 11-12. That policy covered "interruption[s]" caused by "direct physical loss or damage." [DE 23-1] at 81. On May 7, 2020, Summit Hospitality filed a complaint against Cincinnati in the Superior Court of Wake County, North Carolina, seeking declaratory judgment arising from alleged losses caused by civil authority orders responding to the COVID-19 pandemic. [DE 1-1] at 6; [DE 18] at 1, 5. In response, Cincinnati removed the lawsuit to federal court on diversity grounds and filed a motion to dismiss. [DE 1]; [DE 21]. On March 4, 2021, this Court entered judgment granting Cincinnati's motion to dismiss, [DE 43], which was

affirmed by the Fourth Circuit in a *per curiam* opinion on June 9, 2022. *Summit Hosp. Grp., Ltd. v. Cincinnati Ins. Co.*, 2022 WL 2072759, at *1 (4th Cir. June 9, 2022); [DE 50].

On December 13, 2024, the North Carolina Supreme Court held that "[p]roperty 'loss' surely occurs when it is no longer usable for its insured purpose, as a policyholder would reasonably expect. Thus, when the restaurants lost physical use of their properties as restaurants due to the pandemic orders, they experienced a direct physical loss." *N. State Deli, LLC v. Cincinnati Ins. Co.*, 386 N.C. 733, 743 (2024). Summit Hospitality filed a Rule 60(b)(6) motion, based on the development of the decisional law. [DE 55]. For the reasons discussed herein, the Court denies plaintiff's motion.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) relieves parties from a final judgment under a limited set of circumstances. Fed. R. Civ. P. 60(b). While Rule 60(b) provides an "exception to finality," *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), "[a] very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting)). Under Rule 60(b), a moving party must demonstrate that (1) its motion is timely, (2) it has a meritorious claim or defense, (3) the nonmoving party will not suffer unfair prejudice from setting aside the judgment, and (4) one of six enumerated grounds is satisfied. *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).

Summit Hospitality seeks relief under Rule 60(b)(6). [DE 55]. Under Rule 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… any other reason that justifies relief" that is not enumerated in Rules 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6). This rule has been described as a "catchall provision." *Dowell v. State Farm Fire*

2

*and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). However, Rule 60(b)(6) relief is limited to situations involving "extraordinary circumstances." *Aikens*, 652 F.3d at 500.

Even assuming the first three requirements of Rule 60(b) are satisfied, Summit Hospitality still fails to demonstrate extraordinary circumstances warranting relief. Changes in decisional law subsequent to a final judgment generally do not constitute extraordinary circumstances. *Dowell*, 993 F.2d 46, 48 (4th Cir. 1993); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997). Summit Hospitality argues that Cincinnati's removal to federal court, the *North State Deli* decision, the considerations in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and the North Carolina Supreme Court's policy not to accept certified questions constitute extraordinary circumstances. [DE 56] at 11, 14. However, removal to federal court based on diversity is not extraordinary, and neither are intervening legal developments. *See Gonzalez*, 545 U.S. at 535-38; *Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 194 (4th Cir. 2023).

Regarding *Erie*, Summit Hospitality argues that the *North State Deli* decision's contrary result in state court is an extraordinary circumstance warranting 60(b)(6) relief. [DE 56] at 11. Yet, *Erie* considerations alone do not supersede the doctrine of finality. *See McGeshick v. Choucair*, 72 F.3 62, 64-65 (7th Cir. 1995) ("*Erie* requires that, at the time of decision, the federal court apply the law of the state in which it sits. It does not require that later changes in that state law be treated as a ground for reopening that judgment."). In arguing that *Erie* provides a basis for relief, Summit Hospitality primarily relies on *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir. 1975) (en banc). [DE 56] 11-14. However, *Pierce* is not binding on this Court, and the Court "instead credits the prevailing conclusion ... that a change in state decisional law generally does not justify relief under Rule 60(b)(6)." *Golden Corral Corp. v. Illinois Union Ins. Co.*, No. 5:20-CV-349-D, 2025 WL 1399989, at *3 (E.D.N.C. May 14, 2025) (listing cases). Moreover,

3

*Pierce* involved a divergence in state and federal court decisions based on the same transaction or occurrence. *Pierce*, 518 F.2d at 723. Here, the *North State Deli* decision does not involve the same transaction or occurrence. As further support, Summit Hospitality analogizes to the unique litigation resulting from the 9/11 terrorist attack. [DE 56] at 13 (citing *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353 (2d Cir. 2013)). But once again, these cases involved victims of the same transaction or occurrence. *In re Terrorist Attacks*, 741 F.3d at 357. For these reasons, the *Erie* arguments put forth by Summit Hospitality are not compelling.

Summit Hospitality is correct that the Supreme Court of North Carolina does not have a mechanism to certify questions, *see MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 284 (4th Cir. 2008), but that does not cause these circumstances to rise to the level of extraordinary. Rather, the fundamental precept "that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties" outweighs Summit Hospitality's arguments to the contrary. *Ross*, F.4th at 190 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). Consequently, the Court denies Summit Hospitality's 60(b)(6) motion.

## CONCLUSION

Accordingly, Summit Hospitality's motion for relief from judgment [DE 55] is DENIED.

SO ORDERED, this __11__ day of June 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4